[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action commenced by the plaintiff husband by complaint dated September 7, 2001 and made returnable to this court on September 25, 2001, seeking a dissolution of marriage on the grounds of irretrievable breakdown. Additionally, the plaintiff seeks a fair division of property and debts, child support and joint legal custody.
The defendant appeared through counsel on October 12, 2001.
On November 21, 2002, the matter was tried to the court having previously been claimed to the limited contested list. The parties were represented throughout the proceedings by counsel. Testimony was received from the plaintiff and the defendant. From the testimony and evidence produced at the trial and after assessing the credibility of the witnesses, the court finds the following has been proven.
The parties were intermarried on June 19, 1982 at Willimantic, Connecticut. The plaintiff and defendant have two children, issue of the marriage, one of whom is still a minor and no other minor children have been born to the wife since the date of the marriage. Neither party is receiving any state, federal or local assistance. The parties have resided in this state for more than one year immediately prior to the date of the complaint. The court finds that it has jurisdiction over the parties and the marriage.
Based upon a review of the exhibits as well as the testimony at trial, the court finds the following additional facts.
The plaintiff is 45 years old. He is currently employed as a chef at the University of Connecticut and has worked in that position for the past twenty-two years. During the school year he earns $838.00 per week with occasional small amounts of overtime pay. In the summer when he is not working as a chef, he collects unemployment of $444.00 per week. CT Page 15347
Mr. Zannoni attended the University of Connecticut in 1994 and earned a Bachelor of General Studies. He has no present intentions to change his current employment.
The plaintiff borrowed $25,000.00 in student loans of which $5000.00 was utilized for educational bills with the remainder being used for the living expenses of his family. He currently owes $26,620.00 on said loans.
Mr. Zannoni admitted to having been an occasional user of marijuana during his marriage but stopped using it last year.
The defendant is 47 years old and is also employed as a chef at the University of Connecticut and has held said position for the past eighteen years. She earns $754.00 a week during the school year and has collected unemployment during the summer. Currently, she has not worked for the past two weeks due to an injury to her knee. Her medical history includes two hernia operations, shoulder and ear problems. Since 1989, the defendant has had numerous hospitalizations at Natchaug Hospital and was also treated at the Stonington Institute. The defendant testified that she was being treated for depression, anxiety and other disorders. She attributes her difficulties to her husband's conduct during the marriage which included him beating her multiple times from the first five years of the marriage until the parties separated in 2001. The defendant testified that she did not report this conduct to her treating physicians during her hospitalizations desiring to keep everything quiet although she may have told her psychiatrist. She further testified that the first time she reported her husband's violent behavior to the police was when the parties separated in August of 2001. Ms. Zannoni admitted to having used marijuana during most of her marriage. She acknowledges that her doctors have recommended that she cease using marijuana as it reduces the effectiveness of the medications she is taking as part of her medical treatment.
The parties were married in 1982. They have two children, issue of that marriage, Robert Zannoni, who is 19 years old and Christopher Zannoni, who is 17 years old.
The plaintiff testified that since 1989, the defendant used marijuana excessively and was prone to having violent outbursts. He further testified that she has paid as much as $400.00 a week to purchase the marijuana which caused the family to have financial difficulties. The parties filed personal bankruptcies in 1989 and 1994 The defendant denied that she used marijuana to the extent claimed by the plaintiff. The parties separated from each other on August 15, 2001 following a tumultuous incident at the family home. CT Page 15348
The plaintiff husband moved out of the marital residence with the parties two sons and moved into property occupied by the defendant's daughter from a previous relationship. The plaintiff now lives with the parties two sons in a mobile home owned by his father. The plaintiff currently provides the financial support for the parties minor child and has done so since the parties separated. The defendant mother has had limited contact with the children since the separation of August 2001 faulting the plaintiff for her inability to contact her children. The defendant blames the breakdown of the marriage on the plaintiff claiming she was continually beaten by him during the marriage. In addition she claims that the plaintiff is bisexual, has had multiple sexual relationships with men throughout her marriage and is a drug user. The plaintiff denies those assertions.
Since the separation of the parties in 2001, the defendant has provided little, if any, support for the minor child and has not made any significant payments towards the bills of the parties.
The plaintiffs testimony at the trial was highly credible and the defendant's testimony was not.
The court finds that the defendant's extensive illegal drug involvement during the marriage was the major cause of the breakdown of the marriage. Her continued use of marijuana resulted in her creating severe difficulties for the family including draining the parties financial resources.
The defendant's abandoned her responsibility of supporting and providing care for the parties minor child with the plaintiff assuming that obligation by himself on a voluntary basis. Although the plaintiffs previous conduct in using marijuana was wrong, he has acted responsibly in protecting his children under these difficult circumstances.
After taking into consideration all of the criteria set forth in Connecticut General Statutes 46b-62, 46b-81, 46b-82 and 46b-84, and applying the same to the evidence, the court enters the following orders.
 1. A decree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown.
 2. The plaintiff and defendant shall have joint legal custody of the minor child with the primary residence with the plaintiff subject to reasonable rights of visitation with the defendant.
 3. The defendant shall not pay child support to the plaintiff. The court finds it to be inequitable or inappropriate to apply the Guidelines to require the defendant to pay support due to the earning capacity CT Page 15349 of the parties, the coordination of total family support and other equitable factors. This order is without prejudice to be modified upon the showing of a substantial change in circumstances of the parties.
 4. The plaintiff shall maintain at his sole expense, the present medical/dental insurance for the minor child until said child reaches eighteen years of age. However, if upon reaching the age of eighteen years the child remains a full time high school student, the plaintiff shall continue to provide the present medical/dental insurance for the minor child until the child reaches the age of nineteen years or leaves high school, whichever shall first occur.
 5. The plaintiff shall be entitled to claim the minor child as an exemption on his state and federal tax returns.
 6. The plaintiff shall have ownership of the 1991 Ford Econoline automobile free and clear of any claim of the defendant.
 7. The defendant shall have ownership of the 1995 Buick Century automobile free and clear of any claims of the plaintiff and shall assume and hold said plaintiff harmless from the outstanding loan on said automobile.
 8. The plaintiff shall have ownership of the 1979 Sunline Camper Trailer free and clear of any claims of the defendant.
 9. The plaintiff's remaining personal property in his possession shall remain his personal property free of any claims of the defendant. The defendant's personal property in her possession shall remain her personal property fee of any claims by the plaintiff.
 10. The plaintiff shall retain ownership of his Fleet Bank account and his UCONN DDS 403B account as listed on his financial affidavit.
 11. The defendant shall retain ownership of her Liberty Bank account and her 401K account as listed on her financial affidavit.
 12. The plaintiff shall be solely responsible for the following debts and shall hold the defendant harmless therefrom.
 a. Internal Revenue Service debt as listed on his financial affidavit.
b. Sallie Mae Servicing debt as listed on his financial affidavit. CT Page 15350
c. Capitol One debt as listed on his financial affidavit.
 d. Connecticut Commissioner of Revenue Services as listed on his financial affidavit.
e. CLP debt as listed on his financial affidavit.
f. Dr. Brian Batherson debt as listed on his financial affidavit.
 g. Fleet Bank cash reserve debt as listed on his financial affidavit.
h. Dr. James Raynor debt as listed on his financial affidavit.
 13. The defendant shall be responsible for the following debts and shall hold the plaintiff harmless therefrom.
a. Providian debt as listed on her financial affidavit.
b. Dr. Duers debt as listed on her financial affidavit.
c. Dr. Goldstein debt as listed on her financial affidavit.
d. Dr. Nissanka debt as listed on her financial affidavit.
e. Dr. Paulose Maya debt as listed on her financial affidavit.
f. SNET debt as listed on her financial affidavit.
g. Orchard Bank MasterCard as listed on her financial affidavit.
h. Charter debt as listed on her financial affidavit.
i. Apartment insurance debt as listed on her financial affidavit.
j. Windham hospital debt as listed on her financial affidavit.
14. Neither party is awarded alimony.
 15. Each party shall be solely responsible for their own medical and/or dental insurance at their own expense and each party will be entitled to any medical insurance benefits that may exist under COBRA at his or her own expense for the maximum period allowed by law.
16. Each party shall be responsible for his and her own attorney's fees CT Page 15351 and costs.
 17. The parties shall execute any documents reasonably necessary to effectuate the transfer of an assets or to provide compliance with any of the orders of this court.
 18. No order for educational support shall enter. The court finds that the parties fully understand the consequences of their waiver of their right to seek an educational support order.
 19. Plaintiff's counsel shall prepare and file within thirty days of this decision a judgment file and both counsel shall sign the judgment file.
CT Page 15351-a